## McHale v. Wuagon

C.P. of Lackawanna County, no. 1999 Civil 5621.

*Arthur J. Rinaldi,* for plaintiff.
*Angela Costigan,* for defendant.

CORBETT, *J.,* November 8, 2000—Before the court is a motion for summary judgment filed by the defendant in the above captioned matter. On November 24, 1998, the plaintiff, Karen McHale, alleges that she was injured in a motor vehicle accident. Plaintiff alleges the accident was caused by the defendant when he ran a red

light and his vehicle struck the plaintiff's vehicle in the front passenger side. Plaintiff alleges that after the accident she was rendered unconscious. She was taken to the Mercy Hospital by ambulance and was treated in the emergency room. Thereafter she was treated with a Dr. Remick up until August 1999.

Plaintiff alleges that from the time of the accident up until August 28, 1999, she was physically unable to perform the requirements of her job as a cook with American Food and Vending. She further alleges that when she returned to work she was only able to work 30 to 36 hours per week rather than her usual 45 hours per week. Plaintiff alleges that she was treated for injury to her spine in both the cervical thoracic and lumbar areas with pain in her left hip and injury to her knee. She alleges that in an MRI dated May 8, 1999, her knee injury was shown to be an area of synovium and loose intrarticular body anterior to the medial femoral condyle along with prepatellar fluid. Additionally, she argues that X-rays taken on November 24, 1998 showed reversal of the normal cervical lordosis, which indicates spasm and injury to musculature.

Plaintiff admits that she has the limited tort option on her auto insurance with USF&G, however, she argues that the issue of whether her injury is a "serious injury" should be submitted to the jury.

Defendant has moved for summary judgment arguing that the plaintiff is limited in her recovery of damages as she has selected the limited tort option. Defendant ar-

gues that the plaintiff has not offered sufficient evidence to meet her threshold of "serious bodily" injury. As a result, defendant argues that there are no genuine issues of material fact for trial and he is entitled to judgment as a matter of law. Both sides waived oral argument and agreed that this court should decide this matter on the briefs. We have had the opportunity to review the record in this matter and the submissions of the parties. Therefore, this matter is ripe for disposition.

## DISCUSSION

A motion for summary judgment places the burden upon the moving party. The moving party must show that there exists no genuine issue of any material fact for trial. Pa.R.C.P. 1035.2. The moving party must be entitled to judgment as a matter of law and the moving party has the burden of proving that no genuine issue of material fact exists. *Washington v. Baxter,* 553 Pa. 434, 719 A.2d 733, 737 (1998). The court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party. *Id.* An entry of summary judgment is granted only in cases where the right is clear and free of doubt. *Accu-Weather Inc. v. Prospect Communications Inc,* 435 Pa. Super. 93, 644 A.2d 1251 (1994).

In the instant matter, the defendant has moved for summary judgment based on the plaintiff's selection of the limited tort option and his argument that plaintiff has not offered evidence sufficient to raise a genuine issue for trial which will meet the threshold for "serious bodily"

injury. The Supreme Court in *Washington v. Baxter,* 533 Pa. 434, 719 A.2d 733 (1998) defined serious impairment of body function. The court in *Washington* quoted Michigan law in establishing the criteria that a plaintiff must meet in order to get over the serious bodily injury threshold. 719 A.2d at 740.

"The 'serious impairment of body function' threshold contains two inquiries:

"(a) What body function, if any, was impaired because of injuries sustained in the motor vehicle accident?

"(b) Was the impairment of the body function serious?

"The focus of these inquiries is not on the injuries themselves, but on how the injuries affected a particular body function. Generally, medical testimony will be needed to establish the existence, extent, and permanency of the impairment . . . . In determining whether the impairment was serious, several factors should be considered: the extent of the impairment, the length of time the impairment lasted, the treatment required to correct the impairment, and any other relevant factors. An impairment need not be permanent to be serious." *Id.*

The court in *Washington* held that it is a jury's function to decide whether a plaintiff who has chosen limited tort coverage has suffered a "serious injury" and is eligible for noneconomic damages such as pain and suffering, unless no reasonable juror could find that the plaintiff suffered a serious injury. 719 A.2d at 740; accord *Robinson v. Upole,* 750 A.2d 339 (Pa. Super. 2000).

Based on the foregoing law and an examination of the record in light most favorable to the plaintiff, this court denies the defendant's motion for summary judgment.

The record reveals that the plaintiff was taken to the emergency room immediately after the accident. She complained of neck and chest pain. Thereafter, she began treating with a Dr. Remick who prescribed physical therapy. Dr. Remick treated her for neck, hip and back pain. Physical therapy lasted for approximately two and a half to three months. In May 1999, plaintiff testified her knee gave out because of hip problems from the accident. She was referred to Dr. Schmaltz. Dr. Schmaltz suggested therapy for her knee, but the plaintiff did not have the financial resources. All treatment stopped as of August 1999; however, the plaintiff complains that she still experiences soreness in her back, neck, and knee. Plaintiff was off work from November 24, 1998, the date of accident, until August 28, 1999. In an affidavit submitted in response to the motion for summary judgment, she states that she can still only work 30-36 hours per week as compared to 45 hours per week pre-accident. Given this evidence, this court finds that a reasonable jury could differ as to whether or not plaintiff suffered a "serious bodily injury." An appropriate order to follow.

### ORDER

And now, November 8, 2000, consistent with the foregoing opinion, it is hereby ordered and decreed that defendant's motion for summary judgment is denied.